IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIM. NO. 16-22** |
| **YU XUE**<br>**TAO LI** | : | |
| **TIAN XUE**<br>**LUCY XI** | : | |

PROTECTIVE ORDER FOR TRIAL

Upon consideration of the government's motion for a Protective Order for Trial and the defendants' arguments, the Court hereby enters this Protective Order for Trial.

On September 20, 2016, the Court entered into a Final Protective Order for purposes of discovery relating to trade secret and other confidential information in this case, and contemplated that a separate order would be necessary in the event of trial. The Final Protective Order shall continue to apply to the access and use of discovery materials in this case. This order is necessary "to preserve the confidentiality of trade secrets" and other confidential information during the course of the trial as required under 18 U.S.C. § 1835 and Federal Rule of Criminal Procedure 16(d).

IT IS HEREBY ORDERED that the following provisions shall govern the handling of trade secret and other confidential evidence at trial and during the remainder of this proceeding:

**Scope: Trial Protected Material**

1. This Protective Order For Trial shall apply to the following evidence and exhibits anticipated at trial:

    a. "Trade Secrets" shall mean information that is intended to be kept secret or is a trade secret within the meaning of 18 U.S.C. § 1839(3).

    b. "Trial Protected Material" shall mean trade secret information and other confidential or proprietary information as identified by the government or any victim in discovery.

**Pretrial Identification Of Trial Protected Material**

2. Before trial, and no later than October 19, 2018, all parties shall identify any trial exhibits or evidence that may constitute Trial Protected Material. In order to make the Trial Protected Exhibits easily identifiable, all exhibits which include Trial Protected Material shall be numbered "TPM" followed by an exhibit number, for example, (Government or Defendant) Exhibit TPM 100, Exhibit TMP 101, etc. . . .

    a. The list of identified Trial Protected Material exhibits will be provided to the Court, courtroom deputy clerk, and counsel. The list is included in the Court's Order.

    b. A copy of this Protective Order For Trial shall be maintained with the Trial Protected Materials while used for and during trial.

    c. All persons given access to the Trial Protected Materials shall keep such information secure in accordance with the purposes and intent of this Order and the Final Protective Order.

3. The designation or treatment of any material as Trial Protected Material does not constitute an acknowledgment or determination by the Court that the material is in fact a trade secret or confidential information. The designation merely serves to "to preserve the

confidentiality of trade secrets," as required under 18 U.S.C. § 1835, and to protect the confidentiality of such information under Federal Rule of Criminal Procedure 16(d).

**Duty To Notify Concerning Presentation Of Trial Protected Material**

4.  Counsel for the government and defense have a duty to notify the Court prior to the introduction of any Trial Protected Material as evidence at trial, including but not limited to any testimony or exhibits. The notification duty will allow the Court and parties to ensure appropriate measures are in place to protect the confidentiality of such Trial Protected Material during the presentation of this evidence at trial.

**Presentation Of Trial Protected Material Evidence**

5.  When the jury is presented with exhibits containing Trial Protected Material, only the jury, counsel, the defendants, the Court and deputy clerk ("Authorized Persons") will be permitted to view the exhibits. Exhibits containing Trial Protected Material shall not be displayed on courtroom presentation displays visible to anyone other than Authorized Persons. The party presenting the evidence shall maintain custody of the exhibits during the trial.

6.  The parties may redact trial exhibits which contain Trial Protected Material. In order to preserve the record, any unredacted versions shall be filed under seal.

**Recesses**

7.  Trial Protected Material shall not be left unattended in the unlocked courtroom during short recesses. During lengthier recesses, including the lunch recess and overnight recesses, the courtroom shall be locked, or the parties shall retain custody over the Trial Protected Material in accordance with the requirements of the Final Protective Order.

**Sealing**

8.	Any exhibits containing Trial Protected Material shall be maintained under seal by the Clerk of the Court, unless otherwise ordered by the Court.

**Instructions**

9.	The parties must instruct witnesses not to disclose Trial Protected Material during the course of their testimony until and unless authorized by the Court and the witnesses are also required to abide by the terms of the Final Protective Order.

10.	During the trial, and at the conclusion of the case, the jury will be instructed that they are not to disclose or otherwise use Trial Protected Material which was presented during the trial.

11.	Counsel shall keep an up-to-date list of all persons who have accessed the Trial Protected Material or had such materials described to them.

12.	Counsel shall promptly notify the opposing party and this Court if any Trial Protected Material is disclosed, either intentionally or unintentionally, to any person not authorized to view them by this Order.

13.	Any expert witnesses retained may use the Trial Protected Material solely for the purposes of assisting a party in the litigation of this case and not for any other purpose.  Each expert witness shall be required to continue to abide by the terms of the Final Protective Order during the trial.

14.	Witnesses, other than expert witnesses, are expressly prohibited from:

   a.	copying the Trial Protected Material in any fashion or form;

    b.    taking videos or photographs of, or otherwise copying or reproducing, the Trial Protected Material;

    c.    communicating the contents of the Trial Protected Material to anyone other than defense counsel.

15.    In no event shall anyone disclose or describe Trial Protected Material to any other person or entity unless expressly authorized to do so in a written order by this Court.

16.    Any dispute regarding the Trial Protected Material which cannot be resolved by the parties shall be resolved by the Court.

## Acknowledgment

17.    By this Order, undersigned counsel are bound by the terms of this Protective Order For Trial.

18.    Counsel shall have any other persons handling any Trial Protected Material read the Protective Order For Trial and the Final Protective Order and sign the attached Acknowledgment, which shall be filed with the Court.

## Return Of Trial Protected Material Upon Conclusion Of The Case

19.    After final judgment of this action or an appeal from any judgment entered in this action is exhausted, and unless the parties agree otherwise, any person to whom Trial Protected Material has been disclosed pursuant to this Order shall, within 10 days of receipt of a written request from the United States or the defense:

    a.    assemble and make available for return all materials and documents produced or revealed containing Trial Protected Material, as well as any copies thereof; and keep confidential, in accordance with this Agreement, every portion of other materials, memoranda or documents

        purporting to reproduce or paraphrase Trial Protected Material produced or revealed; or

    b.     destroy all materials and documents produced or revealed containing Trial Protected Material, including, but not limited to, every portion of other materials, memoranda or documents purporting to reproduce or paraphrase Trial Protected Material; and keep such materials confidential, in accordance with this Agreement, and

    c.     disclose the identity of any person to whom disclosure of Trial Protected Material was made; and

    d.     certify in writing that the above-listed procedures have been followed and completed.

14.     Violation of this Protective Order for Trial may be punishable by contempt of court or any other sanction the Court deems appropriate. Violators may also be subjected to criminal prosecution.

        SO ORDERED.

_____
HON. JOEL H. SLOMSKY
United States District Judge

Date: _____

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER FOR TRIAL**

The undersigned acknowledges that he or she has received a copy of the Protective Order For Trial in United States v. Yu Xue, et al., Case No. 16-CR-22, has read, understands, and agrees to its terms, and hereby submits to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purposes of enforcement of the terms of the order and the punishment of any violations.

Date: _____

_____
Name

_____
Street Address

_____
City, State, Zip

_____
Telephone Number

_____
Email

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIM. NO. 16-22** |
| **YU XUE** | : | |
| **TAO LI** | | |
| **TIAN XUE** | : | |
| **LUCY XI** | | |

**GOVERNMENT's MOTION FOR A PROTECTIVE ORDER FOR TRIAL**

The United States of America, by its attorneys WILLIAM M. McSWAIN, United States Attorney for the Eastern District of Pennsylvania, and ROBERT J. LIVERMORE and KATHERINE E. DRISCOLL, Assistant United States Attorney, respectfully represents as follows:

**I.     Introduction**

On January 5, 2016, a federal grand jury returned a 43-count indictment charging YU XUE, TAO LI, YAN ME, TIAN XUE, and LUCY XI with a variety of offenses including wire fraud, theft of trade secrets, and conspiracy. The grand jury later returned a superseding indictment which alleged these same offenses. In a nutshell, the superseding indictment alleged that the defendants conspired to steal highly valuable trade secret and otherwise confidential information from GlaxoSmithKline ("GSK").

On September 20, 2016, the Court entered into a Final Protective Order for purposes of discovery relating to trade secret and other confidential information in this case, and contemplated that a separate order would be necessary in the event of trial. The Final

Protective Order should continue to apply to the access and use of discovery materials in this case. This order is necessary "to preserve the confidentiality of trade secrets" and other confidential information during the course of the trial as required under 18 U.S.C. § 1835 and Federal Rule of Criminal Procedure 16(d).

The government and defense counsel have been discussing a Stipulated Protective Order for Trial. The government believes that the parties are close to reaching an agreement as the parties agree on the procedure for the how the trade secret documents should be handled at trial. There are a couple of relatively minor matters which the parties continue to discuss, such as the procedure for handling of trial exhibits by witnesses during trial preparation. The government's hope is that prior to the pretrial hearing, the parties will present a Stipulated Protective Order for Trial to the Court. If that is not possible, then the government moves the Court to enter this proposed order.

**II.     Discussion**

Title 18, United States Code, Section 1835 provides:

> In any prosecution or other proceeding under this chapter [theft of trade secrets], the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets, consistent with the requirements of the Federal Rules of Criminal and Civil Procedure, the Federal Rules of Evidence, and all other applicable laws. An interlocutory appeal by the United States shall lie from a decision or order of a district court authorizing or directing the disclosure of any trade secret.

"The intent of [Section 1835] is to preserve the confidential nature of the information and, hence, its value. Without such a provision, owners may be reluctant to cooperate in prosecutions for fear of further exposing their trade secrets to public view, thus further devaluing or even destroying their worth. U.S. v. Fei Ye, 436 F.3d 1117, 1121 (9th Cir. 2006).

In this case, the allegations in the indictment fall squarely within the purview of Section 1835. The indictment alleges that the defendants stole highly valuable information from the victim corporation – information which the victim corporation took considerable efforts to keep secret. If this information was released to the public or to competitors, that act could negatively impact the victim corporation. The express purpose of Section 1835 is to protect the victims of trade secret theft and prevent further dissemination of the trade secret information. For this reason, a protective order is entirely appropriate.

In this case, the defendants have been provided all of the documents which the government alleges to contain confidential and/or trade secret information. Some of those documents will be marked as exhibits at trial. The Court has an obligation to continue to protect that information during the course of the trial. The government believes that the parameters set forth in the attached order will achieve that goal.

## III.    Conclusion

As noted above, the parties continue to work towards a Stipulated Protective Order for Trial. If a Stipulated Protective Order for Trial can be reached, the Court should enter that Order. In the alternative, if an agreement cannot be reached, the government moves the Court to enter the attached order.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

    /s/
ROBERT J. LIVERMORE
KATHERINE E. DRISCOLL
Assistant United States Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the following:

Peter Zeidenberg, Esq.
Counsel for YU XUE

John Josephs, Esq.
Counsel for TAO LI

David Schertler, Esq.
Counsel for TIAN XUE

Eric Yaffe, Esq.
Counsel for LUCY XI

    /s/                      .
ROBERT LIVERMORE
Assistant United States Attorney