

U.S. Department of Justice

*United States Attorney*

*Eastern District of Pennsylvania*

_____

| | |
|---|---|
| *Katherine E. Driscoll* | *615 Chestnut Street* |
| *Direct Dial: (215) 861-8253* | *Suite 1250* |
| *Facsimile: (215) 861- 8618* | *Philadelphia, Pennsylvania 19106-4476* |
| *E-mail Address:katherine.driscoll@usdoj.gov* | *(215) 861-8200* |

June 2, 2021

The Honorable Joel H. Slomsky
United States District Court
Eastern District of Pennsylvania

**Re:** **U.S. v. Tao Li, 16-CR-22**
**Restitution at Sentencing**

Dear Judge Slomsky:

  On May 26, 2021, this Court sentenced co-defendant Yu Xue to 8 months in prison and determined that she did not owe any restitution. During that hearing, the Court had several questions for the parties concerning restitution and contemplated requiring additional briefing on the restitution issue as it pertains to GSK's submitted expenses. While the government does not expect the Court to change its ruling, the government is providing this letter to clarify its legal position on the matter and address the Court's questions as it pertains to the sentencing of defendant Tao Li on June 9, 2021.

  First, the district court held that GSK was not entitled to receive restitution for expenses because GSK did not suffer "pecuniary loss." The district court's legal analysis is clearly erroneous. The MVRA provides that the district court must order restitution "*in any case*, [to] reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C.A. § 3663A (emphasis added). There is no requirement that the victim suffer "pecuniary loss" to be eligible for reimbursement, as the district court erroneously held. For example, in United States v. Pu, the Seventh Circuit found that the victim corporations suffered no loss for guideline purposes but held that the victim corporation could still be reimbursed for reasonable costs. See 814 F.3d 818, 829 (7th Cir. 2016); accord United States v. Kuruzovich, No. 09 CR 824 DC, 2012 WL 1319805, at *4 (S.D.N.Y. Apr. 13, 2012) (holding that even where victim corporation has not suffered "pecuniary loss," restitution for reasonable expenses is required).

  Second, the district court questioned whether GSK's expenses incurred in responding to the defendant's subpoena were part of the "investigation or prosecution of the offense". The district court cited to United States v. Papagno, 639 F.3d 1093, 1099 (D.C. Cir. 2011) to suggest that only expenses incurred in aiding the government, not the defendant, were reimbursable. In

Papagno, the defendant stole computer equipment from the Naval Research Laboratory.  The Laboratory sought restitution for expenses associated with an internal investigation which the government conceded was for the Laboratory's "own purposes" and was not part of the criminal investigation or prosecution.  This is obviously not the case here as GSK is seeking reimbursement only for expenses related to the criminal prosecution.  GSK is not seeking any expenses related to any internal investigation into this criminal conduct.

      Moreover, Papagno predated the Supreme Court's decision in Lagos v. United States, 138 S. Ct. 1684, 1690, 201 L. Ed. 2d 1 (2018).  In Lagos, the Supreme Court ruled that the MVRA covered all victim expenses related to "government investigations and criminal proceedings."  To the extent that Papagno held otherwise, that portion of the opinion has been abrogated.  Under the clear interpretation of the Supreme Court, GSK's expenses incurred in responding to the defendant's subpoena were part of the "criminal proceedings."  There is no question under the law that GSK is entitled to restitution for those expenses.

      Respectfully Submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney


 /s/ *Katherine E. Driscoll*
KATHERINE E. DRISCOLL
ROBERT J. LIVERMORE
Assistant United States Attorneys


cc:    John Joseph, Esq.
        Counsel for TAO LI