IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION |
| | NO. 16-22 |
| YU XUE, | |
| TAO LI, | |
| Defendants. | |

## OPINION

**Slomsky, J.**                                                                 **June 15, 2021**

## I.    INTRODUCTION

On June 2, 2021, the Government filed a letter regarding the Court's denial of restitution to victim GlaxoSmithKline LLC ("GSK") at the sentencing on May 26, 2021 of Tao Li's Co-Defendant Yu Xue.  (Doc. No. 344.)  In the letter, the Government sought to "clarify its legal position on [restitution] and address the Court's questions as it pertains to the sentencing of [D]efendant Tao Li on June 9, 2021."  (Id. at 1.)  According to the Government: (1) the Court erroneously found that GSK "was not entitled to receive restitution for expenses because GSK did not suffer [a] 'pecuniary loss'" as a result of the theft of trade secrets, relying on United States v. Pu, 814 F.3d 818 (7th Cir. 2016) and United States v. Kuruzovich, No. 09-824, 2012 WL 1319805, at *4 (S.D.N.Y. Apr. 13, 2012) in support of its position; and (2) the Court erroneously relied upon United States v. Papagno, 639 F.3d 1093 (D.C. Cir. 2011) in denying GSK restitution for "expenses[1] incurred in responding to the [D]efendant's subpoena" because the Court misconstrued

---

[1]    The expenses are the legal fees and costs incurred by outside counsel representing GSK.

the holding in that case and because it predates the United States Supreme Court decision in <u>Lagos v. United States</u>, 138 S. Ct. 1684 (2018).  (<u>Id.</u> at 1-2.)

On June 7, 2021, Defendant Tao Li filed a letter in response to the Government's June 2, 2021 letter.  (Doc. No. 346.)  Li submits that restitution should be denied because the Government, among other things, "failed to meet the burden of establishing the restitution amount" and because "GSK has failed to timely provide the [C]ourt with reliable and original documentation to satisfy the evidentiary requirements of [the Mandatory Victims Restitution Act ("MVRA"),]" codified in 18 U.S.C. § 3663A.  (<u>Id.</u> at 1) (citing 18 U.S.C. § 3664(d)(1)).[2]  Li also avers that in the time sheet summaries GSK's outside counsel submitted to the Court, "GSK has failed to include . . . whether the work was required by the government."  (<u>Id.</u> at 2.)  As such, "GSK has failed to meet its burden because they have not provided the Court with a sufficient basis to determine whether restitution should be awarded."  (<u>Id.</u> at 3.)

For the reasons stated <u>infra</u>, the Government's contentions made in its June 2, 2021 letter are unavailing and the Court will deny the award of restitution to GSK.[3]

---

[2]   Section 3664(d)(1) provides: "[u]pon the request of the probation officer, but not later than 60 days prior to the date initially set for sentencing, the attorney for the Government, after consulting, to the extent practicable, with all identified victims, shall promptly provide the probation officer with a listing of the amounts subject to restitution."  18 U.S.C. § 3664(d)(1).

[3]   At Co-Defendant Yu Xue's sentencing on May 26, 2021, GSK's outside counsel, Edward J. McAndrew, Esquire, of the law firm DLA Piper LLP, requested reimbursement to GSK for legal fees and costs his firm incurred during its representation of GSK as the victim in this criminal case.  In a letter submitted to the Court dated March 22, 2021, McAndrew first explained that his firm performed all of its legal work "solely in support of the Government's investigation and prosecution of this action[,]" but then noted that the "vast majority of the work undert[aken] was in reaction to the litigation strategies and tactics of Defendants' counsel, as well as particular Court Orders requiring GSK to take certain actions in discovery at Defendants' insistence."  (Doc. No. 350 at 2.)  McAndrew attached to the letter a 10-page summary of billing time sheets.  (<u>See id.</u> at 12-21.)

## II.     BACKGROUND

On December 29, 2015, the Government filed a Criminal Complaint against Defendant Tao Li and four Co-Defendants, charging them with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.  (Doc. No. 1.)  On May 24, 2017, a forty-five count Superseding Indictment was returned against all Defendants.  (Doc. No. 125.)  Tao Li was charged in twenty-five counts of the Superseding Indictment.  (See id.)

On September 14, 2018, pursuant to a plea agreement with the Government, Li pled guilty to one count of conspiracy to steal trade secrets, in violation of 18 U.S.C. § 1832(a)(5).  (See Doc. Nos. 235, 241, 243.)  "In exchange, the Government agreed to dismiss all other counts of the Superseding Indictment, including all substantive counts for theft of trade secrets, and to limit [his] sentence to no more than seven years . . . .  However, while [Li] agreed to resolve criminal liability through the plea agreement[] with limits on a sentence of imprisonment, [the parties] did not agree on the amount of loss, if any, to GSK under the federal Sentencing Guidelines."  (Doc. No. 313 at 9.)  Because the Government argued that the loss exceeded $550 million and Defendants argued the loss was $0, the parties ceded to the Court the decision on the amount of loss.

---

For the reasons stated on the record at Yu Xue's sentencing, the Court declined to award restitution to GSK because GSK suffered no pecuniary loss—a loss that is a prerequisite for ordering restitution under 18 U.S.C. § 3663A.  Because the Court found no pecuniary loss, § 3663A it its entirety did not apply to the sentencing proceeding.  See § 3663A(c)(1)(A)-(B). Since outside counsel sought reimbursement for legal fees and costs under § 3663A(b)(4), which no longer applied because it is within § 3663A, GSK was not entitled to reimbursement for "expenses incurred during [its counsel's] participation in the investigation or prosecution of the offense[.]"  § 3663A(b)(4).  No other statutory provisions were relied upon by the Government or outside counsel for GSK in their request for reimbursement of legal fees and costs.

Additional reasons were given by the Court for not ordering co-Defendant Yu Xue to reimburse outside counsel for legal fees and costs, which are discussed infra.  Following the sentencing of Xue, the Government filed the instant letter even though it "does not expect the Court to change its ruling[.]"  (Doc. No. 344 at 1.)  This Opinion provides the reasons why the Court is denying the request for reimbursement of legal fees and costs in this case.

On September 22, 2020, in a 45-page Opinion, the Court found that "the loss amount under the Sentencing Guidelines is $0." (Id. at 3.)  The Court found that while the Government produced evidence of the development and acquisition cost of the stolen information, it failed to establish that Defendants purposefully sought to inflict such harm upon GSK in accordance with Application Note 3 to U.S.S.G. § 2B1.1(b)(1).[4] (Id. at 38.)  In reaching this conclusion, the Court relied upon, among other things, the Sentencing Commission's rationale for Application Note 3(A)(ii), the Commission's reliance upon United States v. Manatau, 647 F.3d 1048 (10th Cir. 2011) for its amendment of Application Note 3(A)(ii), and the Seventh Circuit's reasoning employed in United States v. Pu, 814 F.3d 818 (7th Cir. 2016).

Thereafter, the Court scheduled sentencing for co-Defendant Xue and Defendant Li.  (Doc. Nos. 334-35.)  Prior to Xue's sentencing, the Government and defense counsel disputed whether GSK was entitled to restitution under the MVRA, codified in 18 U.S.C. § 3663A.  The Government sought restitution "in the amount of $1,072,576,000" for "the fair market value of the stolen GSK trade secrets and other proprietary information at the time that information was stolen," as well as "restitution in the amount of $394,406.93 to GSK for other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." (Doc. No. 325 at 25.)  Despite the Court's finding of $0 of fraud loss under the Sentencing Guidelines, the Government maintained that GSK suffered over one billion dollars of loss, and that outside counsel for GSK was entitled to recover "lost income . . . and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." (Id.) (citing § 3663A(b)(4)).  Defense counsel conversely

---

[4]   The Government now concedes "[t]here is no fair market" for the trade secrets. (Doc. No. 325 at 11.)

averred that "[b]ecause the Court determined that there is no loss to the victim, GSK, . . .  no restitution may be ordered in this case, as restitution must be based on the actual loss suffered by the victim.'" Yu Xue PSR, Mar. 16, 2021, p. 25.  In addition, defense counsel disputed whether legal fees and costs were reimbursable.  (See Doc. No. 352.)

On May 26, 2021, at Yu Xue's sentencing, the Court denied restitution to GSK because GSK had suffered no pecuniary loss.[5]  The Court also found that the 10-page summary of billing time sheets attached to the March 22, 2021 letter submitted by Edward J. McAndrew, Esquire, contained several fatal flaws regarding the request for reimbursement of legal fees and costs allegedly "incurred during participation in the investigation or prosecution of the offense." § 3663A(b)(4).[6]

First, as noted in note 3, supra, the request for legal fees and costs was made under the MVRA, a statute that no longer applied at sentencing because there was no pecuniary loss to GSK. Second, there was no showing that the legal work reflected in the time sheet summary was "required or requested" by the Government.  See Papagno, 639 F.3d at 1100.  Third, while "the vast majority of the work [outside counsel] undertook was in reaction to the litigation strategies and tactics of Defendants' counsel, as well as particular Court Orders requiring GSK to take certain actions in discovery at Defendants' insistence[,]" (Doc. No. 350 at 2), and perforce not done at the

---

[5]    See supra note 3 and the portion of Xue's sentencing proceeding concerning the request for reimbursement, which is incorporated herein.

[6]    The full text of § 3663A(b)(4) reads as follows:

> The order of restitution shall require that such defendant . . . (4) in any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

§ 3663A(b)(4).

request of or required by the Government, the time sheet summary was so amorphous that the Court could not identify which legal tasks might have been required or requested by the Government, and which legal tasks might have been performed at the behest of Defendants.

Fourth, because McAndrew stated at Xue's sentencing that his original time sheets were about 200 pages and he would need about two weeks to review all original time sheets, and because it became obvious to the Court that segregating any work requested or required by the Government as reflected in the time sheets would be speculative given the passage of time and also would consume considerable time, this entire process would have unduly extended the sentencing date.[7] An extension also would be required by the defense, as counsel for Xue stated he would need time to review the original time sheets and file objections.  And fifth, given that some of the legal fees and costs were for legal work performed after Xue pled guilty, there was no showing by the Government that after the date of Xue's plea, it was necessary for GSK's outside counsel to perform the legal work being charged to Xue.  Therefore, because there were "complex issues of fact related to" the legal fees and costs that would "complicate or prolong the sentencing process to a degree that the need to provide restitution . . . [was] outweighed by the burden on the sentencing process[,]" § 3663A(c)(3)(B), the Court denied the Government and McAndrew's request for reimbursement to GSK for this reason too.

On June 2, 2021, after Yu Xue's sentencing but before Tao Li's sentencing, the Government filed the letter that is presently before the Court.  (Doc. No. 344.)  On June 7, 2021, Defendant Li filed the letter responding to the Government's letter.  (Doc. No. 346.)  As noted above, in his letter Li argues that restitution should be denied because the Government "failed to meet the burden of

---

[7]   The Court notes that McAndrew did not submit the approximate 200 pages of original time sheets prior to Tao Li's sentencing on June 9, 2021.

establishing the restitution amount" and because "GSK has failed to timely provide the [C]ourt with reliable and original documentation to satisfy the evidentiary requirements of [the] M[VR]A." (Id. at 1.)  Specifically, Li avers that the Government has not complied with the requirements of 18 U.S.C. § 3664(d)(1),[8] which required the Government and GSK to:

> [P]rovide to this Court and probation not later than 60 days prior to sentencing: complete unredacted invoices; evidence showing that GSK paid its legal bills; evidence of discounts or write-offs that reduced the amount GSK owed for legal services and costs; evidence of whether GSK submitted its legal bills to an insurance company; and communications from the government to GSK requiring or requesting support in the criminal investigation.

(Id.) (footnote omitted).  Li also notes that "GSK has failed to provide these documents to the Court" and instead only provided "billing summaries," which "are not sufficient proof of a restitution amount because they provide no basis to determine what work was done and whether this work was requested by the government."  (Id. at 2.)  Moreover, "the Court and Dr. Li are unable to perform the required analysis to determine whether these claimed costs" in the billing summaries "are cognizable under law for restitution."  (Id. at 1.)[9]

Since it is apparent that restitution and reimbursement for legal fees and costs was contested at the sentencing hearings of Xue and Li, and may arise at the sentencing of the remaining co-Defendants in this case, the following discussion further elaborates on these matters, responds to the Government's June 2, 2021 letter, and explains why Tao Li and Yu Xue were not ordered to make restitution.

---

[8]   See supra note 2.

[9]   The Court agrees with the arguments made in Defendant Li's June 7, 2021 letter as to why restitution and reimbursement for legal fees and costs should be denied, with the exception that insurance received by victims is not to be considered in determining the amount of restitution. See 18 U.S.C. § 3664(f)(1)(B).

## III.    DISCUSSION

As previously stated, the Government filed its letter to "clarify its legal position on the matter [of restitution] and address the Court's questions as it pertains to the sentencing of defendant Tao Li[.]"  (Doc. No. 344 at 1.)

The Government first notes that the Court found "GSK was not entitled to receive restitution for expenses because GSK did not suffer 'pecuniary loss.'"  (<u>Id.</u>)  It contends that the Court's "legal analysis is clearly erroneous" because "[t]he MVRA provides that the district court must order restitution '<u>in any case,</u> [to] reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.'"  (<u>Id.</u>) (citing 18 U.S.C. § 3663A(b)(4).  The Government avers that § 3663A does not require "the victim suffer 'pecuniary loss' to be eligible for reimbursement," citing <u>United States v. Pu</u>, 814 F.3d 818 (7th Cir. 2016) and <u>United States v. Kuruzovich</u>, No. 09-824, 2012 WL 1319805, at *4 (S.D.N.Y. Apr. 13, 2012) in support.  (<u>Id.</u>)

Again, the Court is not persuaded by the position of the Government for several reasons. First, the language used in the MVRA (§ 3663A) seems in part contradictory.  While the Government is correct that the MVRA provides for reimbursement of necessary expenses under § 3663A(b)(4) "in any case," the MVRA in its entirety only applies if the victim "has suffered a physical injury or pecuniary loss."  § 3663A(c)(1)(B).  Thus, despite the presence of the language "in any case," the fact that GSK suffered no pecuniary loss precludes application of § 3663A(b)(4). Again, this is one reason why reimbursement of legal fees and costs to GSK outside counsel is not warranted.    Moreover, because the Supreme Court held in <u>Lagos v. United States</u> that § 3663A(b)(4) should be interpreted narrowly, it seems that, as written, the contradiction should be interpreted against the award of reimbursement for legal fees and costs.  This result is further

justified by the decision in <u>United States v. Papagno</u>, authored by Justice Brett Kavanaugh while sitting on the D.C. Circuit Court of Appeals, in which he stated that "necessary" expenses under § 3663A(b)(4) were those that were "required or requested by criminal investigators or prosecutors." 639 F.3d at 1100.

Second, in <u>Pu</u>, the Seventh Circuit vacated Pu's sentence and the restitution ordered and remanded the case for resentencing.  814 F.3d at 831.  When reciting the facts, the Seventh Circuit stated: "[t]he district court found that although there was no actual loss for guidelines purposes, . . . . Citadel spent money on computer forensic analysts and attorneys during its internal investigation after the initial discovery of Pu's criminal activity, which is recoverable as restitution."  <u>Id.</u> at 823.

The Government here relies upon the fact that in <u>Pu</u> Citadel suffered no actual loss yet still received restitution.  It fails to consider, however, that defense counsel in <u>Pu</u> did not object in the district court to the payment of restitution when requested by the government.  As the Seventh Circuit noted, "[d]efense counsel stated that the measure of restitution should be Citadel's costs related to its internal investigation and that he 'would not object to [costs] that had to do with [its] internal investigation if the costs were reasonable.'  These assertions concede that restitution is due for Citadel's internal investigation costs."  <u>Id.</u> at 829.

Here, counsel for Yu Xue did object to restitution to GSK and reimbursement to outside counsel for legal fees and costs.  In the Presentence Investigation Report, the Probation Officer noted that "[t]he defendant objects to restitution for GSK.  Defense counsel writes, 'Because the Court determined that there is no loss to the victim, GSK, . . .  no restitution may be ordered in this

case, as restitution must be based on the actual loss suffered by the victim.'"  Yu Xue PSR, p. 25.[10]

Defense counsel also objected to reimbursing outside counsel for legal fees and costs "[b]ecause the billing summaries submitted provide no basis to determine what work was done and whether this work was requested by the [G]overnment[.]"  (Doc. No. 352 at 3.)  Therefore, unlike in Pu where defense counsel did not object to the government seeking restitution for costs incurred by the victim's internal investigation and apparently assumed it was compensable even when there was no pecuniary loss, here counsel for Yu Xue and Tao Li did object to an award of restitution and reimbursement for legal fees and costs incurred by GSK's outside counsel.

Third, in United States v. Kuruzovich, the Southern District of New York held that the victim company was entitled to restitution for "[r]etaining outside legal counsel to review documents requested by the government in the course of its investigation and prosecution" which "was necessary to the Company's participation in the investigation and prosecution of defendant." 2012 WL 1319805, at *5.  Notably, however, the court found that because the Second Circuit characterizes the definition of "pecuniary loss" under § 3663A(c)(1)(B) as "certainly broad," the victim company "suffered direct pecuniary loss in the form of legal expenses incurred in connection with Kuruzovich's conduct[.]"  Id. at *4.

---

[10]   Many courts have held that no restitution is due when there is no pecuniary loss to the victim. See, e.g., United States v. Adams, 19 F. App'x 33, 35 (4th Cir. 2001) (proving loss is "a necessary predicate to sustain an order of restitution."); United States v. Chalupnik, 514 F.3d 748, 754 (8th Cir. 2008) ("[T]he amount of restitution that may be awarded is limited to the victim's provable actual loss."); United States v. Beydoun, 469 F.3d 102, 107 (5th Cir. 2006) ("The MVRA does not permit restitution awards to exceed a victim's loss."); United States v. Boccagna, 450 F.3d 107, 119 n.7 (2d Cir. 2006) ("[A] court . . . strives to award restitution in the full amount of a victim's loss without providing 'recovery in excess' of that amount."); United States v. Johnson, 790 F. Supp. 2d 945, 946 (E.D. Wis. 2011) ("[I]n a criminal intellectual property prosecution . . . actual loss [is] required for issuance of an order restitution."); United States v. Albert, No. 06-2384, 2008 WL 2229477, at *13 (D.N.M. Feb. 29, 2008) (victim's claim for restitution "for consequential, not direct, damages," were ineligible for restitution).

Here, the Government's reliance upon Kuruzovich is unavailing because Kuruzovich—and the Second Circuit precedent it relied upon—predate the United States Supreme Court's decision in Lagos, where the Court held that the language in § 3663A(b)(4) should be narrowly interpreted. 138 S. Ct. at 1689.  Moreover, to the extent that the Second Circuit equates payment of legal fees as being subsumed under the term "pecuniary loss," this Court disagrees.  The language used in the MVRA distinguishes between pecuniary loss and necessary expenses.  Tellingly, expenses for legal fees and costs incurred during an investigation and prosecution of a defendant would only arise after a victim suffers a pecuniary loss "as a result of the commission of an offense." § 3663A(a)(2).  For these reasons, this Court disagrees with the ruling in Kuruzovich on which the Government relies.

Next, the Government argues in its letter that the Court's reliance on United States v. Papagno, 639 F.3d 1093 (D.C. Cir. 2011) in denying GSK restitution for "expenses incurred in responding to the defendant's subpoena" is misguided.  (Doc. No. 344 at 1.)  It states that the Court cited Papagno "to suggest that only expenses incurred in aiding the government, not the defendant, were reimbursable."  (Id.)  However, the Government contends that Papagno does not stand for this proposition because the case involved restitution for internal investigation expenses, not expenses "related to the criminal prosecution."  (Id. at 2.)

While the Government is correct that Papagno involved restitution sought for expenses incurred as a result of an internal investigation, which was not awarded, the Government overlooks the D.C. Circuit's analysis of the language in § 3663A(b)(4).  In Papagno, the court rejected the government's contention that the "internal investigation of Papagno's wrongdoing constituted 'participation in the investigation or prosecution of the offense'" because it did not "assist[] the criminal investigators or prosecutors."  639 F.3d at 1098.  The court held that restitution for the

11

internal investigation was not warranted because "[t]he criminal investigators and prosecutors neither required nor requested the . . . internal investigation." Id. at 1099 (emphasis added). "[T]his particular restitution provision—unlike some others—does not afford a right to reimbursement for all costs caused in some sense by the defendant. This is not a consequential damages statute. This text has a narrower focus." Id. at 1100.

Here, this Court relied upon Papagno to deny restitution to GSK because, among other things, there was no evidence or documents that showed "the criminal investigators and prosecutors required []or requested" GSK's outside counsel to conduct the legal tasks that it now seeks restitution for. Id. at 1099. Defendants Yu Xue, Tao Li, and other defendants subpoenaed records from GSK they felt were necessary for their defense. However, while outside counsel stated it performed all of its legal work "solely in support of the Government's investigation and prosecution of this action[,]" he also candidly represented that the "vast majority of the work [outside counsel] undertook was in reaction to the litigation strategies and tactics of Defendants' counsel, as well as particular Court Orders requiring GSK to take certain actions in discovery at Defendants' insistence." (Doc. No. 350 at 2.) Given these assertions and others by GSK's outside counsel, the Court noted that, even if there were a pecuniary loss, GSK still would not be entitled to restitution because there was no showing that outside counsel performed legal tasks required or requested by the Government.

Lastly, the Government argues that the Court's reliance on Papagno was misguided because it "predated the Supreme Court's decision in Lagos v. United States, 138 S. Ct. 1684, 1690, 201 L. Ed. 2d 1 (2018)." (Doc. No. 344 at 2.) The Government states that "[i]n Lagos, the Supreme Court ruled that the MVRA covered all victim expenses related to 'government investigations and criminal proceedings'" and, "[t]o the extent that Papagno held otherwise, that portion of the

opinion has been abrogated.  Under the clear interpretation of the Supreme Court, GSK's expenses incurred in responding to the defendant's subpoena were part of the 'criminal proceedings.'"  (Id.)

The Government is incorrect for several reasons.  First, as it did with Papagno, the Government overlooks the Supreme Court's discussion of § 3663A in Lagos.  While the Supreme Court did ultimately hold that "the words 'investigation' and 'proceedings' in the Mandatory Victims Restitution Act refer to government investigations and criminal proceedings[,]" the Court also held that the language of § 3663A(b)(4) is subject to narrow interpretation that "will sometimes leave a victim without a restitution remedy sufficient to cover some expenses . . . which [they] undoubtedly incurred as a result of the offense."  Lagos, 138 S. Ct. at 1689 (emphasis added).  The Court further explained that Section 3663A(b)(4) "does not cover the costs of a private investigation that the victim chooses on its own to conduct[.]"  Id. at 1686.  Although the "broad general purpose" of the MVRA is "to ensure that victims of a crime receive full restitution," the Court compared the limited nature of the MVRA with various other restitution statutes Congress enacted and concluded that "a reading of the statute as a whole[] tip[s] the balance in favor of [a] more limited interpretation" that might not always favor an award.  Id. at 1689-90.  Here, this Court relied on this rationale, narrowly construed § 3663A(b)(4), and denied restitution.

The Government also is incorrect that a portion of Papagno was abrogated by Lagos.  To the contrary, by its holding Lagos affirmed the D.C. Circuit's narrow interpretation of § 3663A(b)(4).  This is evidenced by the last paragraph in Papagno.  As Justice Kavanaugh wrote while sitting on the D.C. Circuit Court of Appeals:

> In reaching our conclusion, we recognize that several other courts of appeals have taken a broader view of the restitution provision at issue here.  See, e.g., United States v. Amato, 540 F.3d 153 (2d Cir. 2008); United States v. Elson, 577 F.3d 713 (6th Cir. 2009); United States v. Hosking, 567 F.3d 329 (7th Cir. 2009); United States v. Stennis–Williams, 557 F.3d 927 (8th Cir. 2009).  We have carefully considered the reasoning of those decisions but respectfully disagree.

Papagno, 639 F.3d at 1101.   All of the above-cited cases that took a "broader view" of § 3663A(b)(4) have been abrogated by Lagos.  Accordingly, Papagno's holding, that "necessary expenses are those that are "required or requested" by the government, is good law and is entirely consistent with the narrow interpretation required by Lagos.

IV.     **CONCLUSION**

In sum, none of the Government's contentions made in its letter (Doc. No. 344) persuade the Court to change its decision on restitution.  Accordingly, for many reasons, the Court did not order Tao Li and Yu Xue to pay restitution in this case.